# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| MAURICE WALKER,<br><br>        Plaintiff,<br><br>vs.<br><br>MARY ROCHE, JOHN FAYRAM,<br>JOHN BALDWIN,<br><br>        Defendants. | No. C14-0082-LRR<br><br>ORDER |

    This matter is before the court on the plaintiff's application to proceed in forma pauperis (docket no. 1), which was filed on June 25, 2014, and motion for temporary restraining order or preliminary injunction and for appointment of counsel (docket no. 4), which was filed on August 29, 2014. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint under 42 U.S.C. § 1983 (docket no. 1-1).

## I. *IN FORMA PAUPERIS* UNDER 28 U.S.C. § *1915*

    On July 7, 2014, the court directed the plaintiff to submit a certificate of inmate account as required by 28 U.S.C. § 1915. On July 29, 2014, the plaintiff complied with the court's directive. Based on the plaintiff's application to proceed in forma pauperis and certificate of inmate account, the court concludes that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997)

("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on his average monthly deposits, the court finds that the initial partial filing fee is $53.70. *Id*. The plaintiff shall submit $53.70 by no later than October 8, 2014. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## III. CLAIM ASSERTED

Currently confined at the Anamosa State Penitentiary in Anamosa, Iowa, the plaintiff, proceeding pro se, submitted a complaint to redress issues that are related to his parental rights. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the events giving rise to the instant action occurred in this district.

The statement of claim portion of the complaint is as follows:

On June 22, 2005, I came to the Anamosa State Penitentiary to serve a life sentence. I have nine children and had full custody of the children before I came to prison. And, from the time that I came to prison in June of 2005, I talked to and visited my children. Then, on January 24, 2011, the prison and Roche, the director of the Office of Victim and Restorative Justice Programs, stated that I could no longer have contact with any immediate family members, including all of my children. Communication by telephone, visits, O-mail and third party was prohibited. I was at home with my children all their lives before going to prison. Going to prison was bad, but not seeing me or talking to me made matters worse. The children started having problems in school. Some of the children had to receive treatment for clinical depression. Seven of the nine kids are under psychotherapy. When the children were able to come and see me and have phone calls with me, we had no problems. This was not from a court order. This decision was from Roche and Fayram, the Warden of the Anamosa State Penitentiary. Fayram complied and enforced it. I and my children and the caretaker of my underage children appealed to Roche and Fayram. I also appealed to the Citizens' Aide/Ombudsman and to Baldwin, the director of the Iowa Department of Corrections. After the appeals, Fayram and Roche let me see all of the children after they turned 18 years old. But, I cannot see all the children under 18 years old or have contact with any of them. Roche and Fayram's order to not have communication with my children was and is cruel and unusual punishment and is outside of their authority. Iowa Code section 598.41B(2) states: In determining whether visitation would be in the best interests of the child pursuant to subsection 1, the court shall consider several criteria. If you look at the memorandum of January 24, 2011 (attached), none of the criteria was considered when a decision was made. Prior notice was not given to me that a decision was going to be made concerning the visitation of my minor children. Since no hearing was held, I was not able to challenge the January 24, 2011 decision. No guardian ad litem was appointed prior to the January 24, 2011 decision. I used the prisoner grievance procedure available at the Anamosa State Penitentiary to try

and resolve this problem. On February 15, 2011, I appealed the decision to Fayram. On February 26, 2011, I appealed the decision of the warden to Iowa Department of Corrections. And, on March 14, 2011, the Citizens' Aide/Ombudsman responded by stating that there is no further role for our office in this matter at this time.

As relief, the plaintiff states that he wants: declaratory relief, injunctive relief, $85,000,000 in compensatory damages, $139,000,000 in punitive damages, the costs of this suit to be paid and any additional relief that is just, proper and equitable.

## IV. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448

U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claim

Given the facts that are alleged in the complaint, the court concludes that the plaintiff's assertions do not give rise to a viable claim under 42 U.S.C. § 1983. The applicable statute of limitations is the period governing personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985); *see also City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123 n.5 (2005) (reaffirming that the statute of limitations for a 42 U.S.C. § 1983 claim is generally the applicable state-law period for personal-injury torts); *Wycoff v. Menke*, 773 F.2d 983, 984-87 (8th Cir. 1985) (finding it appropriate to apply Iowa's personal injury statute of limitations to actions brought under 42 U.S.C. § 1983). In Iowa, the statute of limitations for personal injury actions is two years after accrual. Iowa Code § 614.1(2). While Iowa's statute of limitations for personal injury tort claims determines the length of the statute of limitations for a 42 U.S.C. § 1983 action, "federal rules conforming in general to common-law tort principles" govern when the cause of action accrues and the statute of limitations begins to run. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A cause of action accrues "when the plaintiff has 'a complete and present cause of action,' . . . that is, when 'the plaintiff can file suit and obtain relief.'" *Id.* (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). In *Wallace*, the Supreme Court found:

> "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the

6

> injury is not then known or predictable." 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-527 (1991) (footnote omitted); *see also* 54 C.J.S., Limitations of Actions § 112, p. 150 (2005).

*Id.* at 391 (alteration in original). So, under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the harm. *See Hall v. Elrod*, 399 F. App'x 136, 137 (8th Cir. 2010) (citing *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007), for the proposition that a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action); *cf. Richmond v. Clinton Cnty.*, 338 F.3d 844, 847 (8th Cir. 2003) (discussing accrual rule under state law). The plaintiff did not file the instant complaint in a timely manner. The plaintiff alleges that he sustained an injury on January 24, 2011, but he waited until June 25, 2014 to file his civil rights action. Accordingly, the applicable statute of limitations bars the plaintiff's claim. *See White v. Kautzky*, 494 F.3d 677, 681 (8th Cir. 2007) (applying Iowa's two-year statute of limitation); *Myers*, 960 F.2d at 751 (concluding that a district court may dismiss an action if an affirmative defense exists, that is, the applicable statute of limitations has run).

Alternatively, the plaintiff's allegations appear to fail as a matter of law. Although it is true that a parent has a fundamental liberty interest in maintaining a relationship with his or her child, that interest is viewed in light of the interests of the child. The plaintiff admits that he is a parent that has been convicted of murder in the first degree of his children's other parent. *See State v. Walker*, 2007 Iowa App. LEXIS 863 (Iowa Ct. App. 2007). The plaintiff cites provisions of Iowa Code section 598.41B that guide a State court when it determines whether visitation would be in the best interests of a child, but he ignores subpart 3 of Iowa Code section 598.41B, which prohibits a child of a parent who has been convicted of murder in the first degree of the child's other parent from visiting the parent who has been convicted. The plaintiff points to no order by a State court that determined whether he should be awarded visitation. And, the record indicates that the

defendants acted pursuant to Iowa Department of Corrections policy OP-MTV-01 and OP-MTV-03, not a State court order. *See Davis v. Hall*, 375 F.3d 703, 712 (8th Cir. 2004) ("Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines."); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (holding that the failure to follow state law or policy does not in and of itself state a constitutional claim) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). Further, restrictions on prison visitation by unrelated children and children of inmates who have lost their parental rights have been upheld. *See Overton v. Bazzetta*, 539 U.S. 126, 132-33 (2003). Lastly, aside from failing to seek a State court order that awards him visitation, it is apparent that the plaintiff has not informally sought relief, utilized the grievance procedure available to him or contacted the Office of Victim and Restorative Justice Programs since early 2011.

In light of the foregoing, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g). And, having determined that relief is unavailable to the plaintiff, the plaintiff's motion for temporary restraining order or preliminary injunction and for appointment of counsel (docket no. 4) shall be denied.

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

(2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

(3) The plaintiff is directed to submit an initial partial filing fee of $53.70 by no later than October 8, 2014. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

(4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(6) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(7) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

(8) The plaintiff's motion for temporary restraining order or preliminary injunction and for appointment of counsel (docket no. 4) is denied.

**DATED** this 18th day of September, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
**Anamosa State Penitentiary, Anamosa, Iowa**

### NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Maurice Walker, #6046229, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Walker v. Roche et al.*, Case No. C14-0082-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $53.70, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

_____ Deputy Clerk
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa