# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| MAURICE WALKER, | |
| Plaintiff, | No. C14-0082-LRR |
| vs. | |
| MARY ROCHE, JOHN FAYRAM, JOHN BALDWIN, | ORDER |
| Defendants. | |

___

This matter is before the court on the plaintiff's motion to alter or amend judgment (docket no. 9). The plaintiff filed such motion on October 2, 2014.

The plaintiff asserts that the applicable statute of limitations does not apply to a "continuing wrong" and, in support of such assertion, cites to *Heard v. Sheahan*, 253 F.3d 316, 317-20 (7th Cir. 2001), *Hensley v. City of Columbus*, 557 F.3d 693, 696-98 (6th Cir. 2009), and *Shomo v. City of New York*, 579 F.3d 176, 181-82 (2d Cir. 2009). But, it is evident from the plaintiff's pleading that he is complaining of a separate and distinct act, that is, the January 24, 2011 decision to restrict his contact with family members, which the plaintiff challenged by filing a grievance. *See Montin v. Estate of Johnson*, 636 F.3d 409, 413-16 (8th Cir. 2011) (distinguishing between repeated enforcement of policies against a plaintiff rather than claim alleging merely ongoing consequences from an older, challenged action). Stated differently, the plaintiff identified a "'single incident in a chain of tortious activity [that could] fairly or realistically be identified as the cause of significant harm" to him. *Roemmich v. Eagle Eye Dev., LLC*, 526 F.3d 343, 350 (8th Cir. 2008) (quoting 54 C.J.S. *Limitations of Actions* § 194, at 257 (2005)). Because the continuing wrong doctrine does not apply to a discrete act, the applicable statute of limitations bars

the plaintiff's action. *Id*. (explaining that the continuing wrong doctrine allows a "'suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought" (quoting *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 801 (7th Cir. 2008))).

Further, none of the cases cited by the plaintiff addressed whether permitting an inmate to proceed in federal court based on a grievance that was submitted in 2011 would frustrate the policy goals of 42 U.S.C. § 1997e(a), which requires a prisoner to exhaust the administrative remedies that are available to him. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see also Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (concluding that, although exhaustion is an affirmative defense, a court may still raise the issue of exhaustion sua sponte if it is plain on the face of the complaint that a grievance is unexhausted). Because "Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case", the plaintiff cannot complain about an event that occurred in 2011 and then wait until 2014 to commence an action. *Porter*, 534 U.S. at 525. As far as the defendants know, the plaintiff is content with the decision to allow him access to his children who are 18 years old. And, given the failure to submit any additional grievances, it is highly unlikely that the director of the Office of Victim and Restorative Justice Programs or anyone else is aware that the circumstances of the plaintiff's minor children have changed.

Moreover, although the plaintiff seeks declaratory relief and injunctive relief, it appears that the plaintiff's primary reason for suing the defendants is to obtain compensatory damages in the amount of $85,000,000 and punitive damages in the amount of $139,000,000. Those types of damages, however, are not available to the plaintiff. Because the plaintiff does not allege that he suffered a physical injury, the plaintiff's ability to recover compensatory damages is limited. *See* 42 U.S.C. § 1997e(e); *see also Williams v. Hobbs*, 662 F.3d 994, 1011-12 (8th Cir. 2011) (discussing the availability of compensatory damages); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (concluding

that 42 U.S.C. § 1997e(e) limits the recovery for mental or emotional injury in all federal actions brought by prisoners). The facts do not justify the award of compensatory damages, which are only available if an inmate has the requisite physical injury to support a claim for mental or emotional suffering. And, the facts do not justify the award of punitive damages, which are only available if an inmate establishes that the defendants acted with evil motive or reckless indifference. *See Williams*, 662 F.3d at 1011-12 (discussing the standard for awarding punitive damages). So, nominal damages would only be available to the plaintiff.

Lastly, the court again emphasizes that "[o]fficials are not liable for bad guesses in gray areas", *Davis v. Hall*, 375 F.3d 703, 712 (8th Cir. 2004), and restrictions on prison visitation by children of inmates who have lost their parental rights have been upheld, *see Overton v. Bazzetta*, 539 U.S. 126, 132-33 (2003). An objectively reasonable official in the position of any of the named defendants could have believed that the actions undertaken to restrict the plaintiff's contacts with his minor children were constitutional. This is especially so in light of the nature of the plaintiff's crime. Thus, the defendants are entitled to immunity from liability.[1]

In sum, the plaintiff states nothing that leads the court to a different conclusion. Accordingly, the plaintiff's motion to alter or amend judgment (docket no. 9) is denied.

---

[1] The court notes that Baldwin cannot be held liable for responding to a grievance. Baldwin is not a proper defendant because the denial of grievances does not state a substantive constitutional claim. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Further, liability under 42 U.S.C. § 1983 may not be grounded upon a respondeat superior theory. *See Canton v. Harris*, 489 U.S. 378, 385 (1989); *Chambers v. St. Louis County*, 247 F. App'x 846, 848 (8th Cir. 2007); *Tlamka v. Serrel*, 244 F.3d 628, 635 (8th Cir. 2001).

Judgment stands.

**IT IS SO ORDERED**.

**DATED** this 16th day of October, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA